IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON BREEZE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:20-cv-2844 TNM |
| | ) |
| HENLEY PARK HOTEL, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## TABLE OF CONTENTS

I.   Introduction ........................................................................................................... 2
II.  Legal Standard ....................................................................................................... 3
     a.  Subject Matter Jurisdiction ............................................................................. 3
     b.  Failure to State a Cause of Action Upon Which Relief Can Be Granted ............. 4
III. Argument ............................................................................................................. 5
     a.  Plaintiff Has Failed to Establish This Court's Subject-Matter Jurisdiction ......... 5
     b.  The Complaint Fails to State a Claim Upon Which Relief Can Be Granted ...... 8

## TABLE OF AUTHORITIES

**Cases**

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ................................................... 4, 8
Freedom Watch, Inc., v. Google, Inc., 369 F. Supp. 3d 30 (D.D.C. 2019) ........................ 11
Holt v. Am. City Diner, Inc., 2007 U.S. Dist. LEXIS 35284, *12 (D.D.C. 2007) ............... 6
Hunter v. Dist. of Columbia, 64 F. Supp. 3d 158 (D.D.C. 2014) ..................................... 12
Jefferson v. Stinson Morrison Heckler, LLP, 249 F. Supp. 3d 76 (D.D.C. 2017) ....... 3, 4, 6, 7
Lin v. Dist. of Columbia, 2019 U.S. Dist. LEXIS 64056 (D.D.C. 2019) .......................... 12
Umude v. Am. Sec. Programs, Inc., 107 F. Supp. 3d 52, 54 (D.D.C. 2015) ....................... 5
Samuels v. Rayford, 1995 U.S. Dist. LEXIS 21798 (D.D.C. 1995) .................................. 11
Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016) ................................................................ 9

**Statutes**

28 C.F.R. § 36.302(e)(1) .................................................................................. 2, 8, 9, 10
28 C.F.R. § 36.302(e)(1)(i) ................................................................................................ 10
28 C.F.R. §36.302(e)(ii) .................................................................................................... 10
28 C.F.R. §36.302(e)(iii) ................................................................................................... 10
28 C.F.R. §36.302(e)(iv) ................................................................................................... 10
28 C.F.R. §36.302(e)(v) .................................................................................................... 10
28 C.F.R. ¶ 36.302 *et. seq.* ........................................................................................ 2, 3, 8
D.C. § 2-1402.03 .............................................................................................................. 10
D.C. § 2-1402.31 .............................................................................................................. 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 2
Fed. R. Civ. P. 12(b)(1) ................................................................................................ 3, 14
Fed. R. Civ. P. 12(b)(6) ............................................................................................. 4, 8, 14

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

COMES NOW Defendant, Henley Park Hotel, Inc., by counsel, and in and for its Memorandum of Points and Authorities in Support of its Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b) states as follows:

I.   Introduction

This action arises from alleged violations of 42 U.S.C. § 12181 *et seq*, 28 C.F.R. § 36.302(e)(1), and the District of Columbia Human Rights Act ("DCHRA"). Plaintiff's causes of action and request for injunctive relief arise from a visit to the Defendant's website at some unknown point prior to filing the instant suit.

Plaintiff has a qualified disability and uses a wheelchair for mobility. ECF #, ¶ 7. Plaintiff, a resident of the District of Columbia, states that he has "a real and continuing need for mandated accessibility information within online hotel reservation platforms in this District." ECF #, ¶ 8. Plaintiff states that "[p]rior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms." ECF #, ¶ 20. On some unknown date, while visiting the Defendant's website, the Plaintiff "discovered that the website does not provide the accessibility information that he requires and does not allow for reservation of accessible guestrooms." ECF-1, ¶ 20. Plaintiff alleges that the Website violates 28 C.F.R. Part 36, because "[t]here is no ability to book an accessible room at any point prior to payment, and there is no filter on the search page with options for accessible rooms or features." ECF-1, ¶ 21. Plaintiff also alleges that the Website lacks accessibility information for the common areas and amenities of the Defendant's hotel. *See* ECF-1, ¶22. Plaintiff states that he brings this action to remediate all violations of 28 C.F.R. § 36, but does not state what these alleged violations are. ECF-1, ¶ 23.

Absent from the Plaintiff's Complaint are any facts detailing when he visited the website, whether he has actually visited the Defendant's premises, and whether he tried to, and was unable to, book a handicap accessible room. Plaintiff also appears to lack any intent to visit the premises in the near future, stating "Plaintiff will visit the Website again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features,...and determine whether he can reserve an accessible guestroom." ECF-1, ¶ 25. Plaintiff's Complaint must be dismissed because Plaintiff's Complaint fails to sufficiently establish this Court's subject-matter jurisdiction over this case, because Plaintiff's allegations do not amount to an injury, in-fact. Further, Plaintiff's allegations establish a real and imminent danger of future harm. Finally, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 12181 *et seq*, 28 C.F.R. Part 36, or the DCHRA for which relief can be granted as his allegations are vague and conclusory and unsupported by any facts. Therefore, Plaintiff's Complaint must be dismissed with prejudice.

    II.    <u>Legal Standard</u>

        a.   <u>Lack of Standing</u>

Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction over his claim. *Jefferson v. Stinson Morrison Heckler, LLP,* 249 F. Supp. 3d 76, 79 (D.D.C. 2017)(citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). Further, "'the [p]laintiff's factual allegations in the complaint…will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6)motion for failure to state a claim." 249 F. Supp. 3d at 79 (quoting *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001)).

Article III of the Constitution limits this Court's adjudicatory power to "actual cases or controversies." *Jefferson*, 249 F. Supp. 3d at 80. "To establish standing, the plaintiff must show:

(1) that he has suffered an injury in fact, defined as the invasion of a legally protected interest that is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) that a causal connection exists between the injury and the conduct at issue, such that the injury is fairly traceable to the challenged conduct, and (3) that it is likely, not merely speculative, that the injury will be redressed by a decision in favor of the plaintiff." *Jefferson v. Stinson Morrison Heckler, LLP*, 249 F. Supp. 3d 76, 80 (D.D.C. 2017) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). When faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "the plaintiff must 'clearly… allege facts demonstrating' each element." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016)(quoting *Warth v. Sedlin*, 422 U.S. 490, 518 (1975)).

### b. Failure to State a Claim Upon Which Relief Can Be Granted

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See id.* (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (stating that "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Further, "a court need not accept a plaintiff's *legal* conclusions as true, [], nor must a court presume the veracity of the legal conclusions that are couched as factual allegations." *Umude v. Am. Sec. Programs, Inc.,* 107 F. Supp. 3d 52, 54 (D.D.C. 2015).

III.  Argument

    a.  Plaintiff Has Failed to Establish This Court's Subject Matter Jurisdiction

Plaintiff does not have standing to bring this action. The Plaintiff, a resident of the District of Columbia, states that he has "a real and continuing need for mandated accessibility information within online hotel reservations platforms in this District." ECF # ¶ 8. Plaintiff's Complaint does not identify the date which he visited the Defendant's website, nor does he identify any intent to actually visit the hotel. Plaintiff's Complaint states: "Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel…" ECF-1 ¶ 20. Plaintiff alleges that "Upon his visit to the Website, Plaintiff discovered that the Website does not provide the accessibility information that he requests and does not allow for reservation of accessible guestrooms." ECF # ¶ 20. Plaintiff also states he "will visit the Website again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features…and determine whether he can reserve an accessible guestroom." ECF # ¶ 25. Plaintiff identifies no upcoming need for hotel accommodations or any event being held at the Defendant's property, which he would like to, but is unable to attend, in support of his claim.

Plaintiff must do more than make bare allegations of an ADA violation to have standing to bring his suit. "To establish standing, the plaintiff must show: (1) that he has suffered an injury in fact, defined as the invasion of a legally protected interest that is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) that a causal connection exists between the injury and the conduct at issue, such that the injury is fairly traceable to the challenged conduct, and (3) that it is likely, not merely speculative, that the injury will be

5

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

redressed by a decision in favor of the plaintiff." *Jefferson v. Stinson Morrison Heckler, LLP*, 249 F. Supp. 3d 76, 80 (D.D.C. 2017) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992).

Further, where the action requests injunctive or declaratory relief, "a demonstration of imminent, future injury is required to demonstrate standing." *Holt v. Am. City Diner, Inc.*, 2007 U.S. Dist. LEXIS 35284, *14 (2007). It is not enough that the plaintiff complains of past illegal conduct; "in a claim for injunctive relief, a plaintiff 'must allege a likelihood of future *violations* of [his] rights...., not simply future *effects* from past violations.'" *Holt,* 2007 U.S. Dist. LEXIS 35284, *15 (quoting *Fair Employment Council of Greater Wash., Inc. v. BMC Marketing Corp.*, 307 U.S. App. D.C. 401 (D.C. Cir. 1994)). Thus, a plaintiff seeking injunctive relief only has standing "if the party alleges, and ultimately proves, a real and immediate-as opposed to merely conjectural or hypothetical—threat of future injury." *Id.* (quoting *Natural Resources Defense Counsel v. Pena*, 331 U.S. App. D.C. 198 (D.C. Cir. 1998)).

In *Holt v. American City Diner, Inc.*, the plaintiff brought suit against the defendant, alleging violations of ADA and 28 C.F.R. § 36.302 following his visit to the defendant's restaurant. *Id.* at *6. There, plaintiff alleged that he wanted to and intended to visit the defendant's restaurant in the future, but continued to be denied full access due to the alleged violations. *Id.* at *8. Plaintiff's complaint also stated that "he intend[ed] to go back to the restaurant once these barriers are removed." *Id.* Analyzing the plaintiff's claim that he intended to return to the restaurant in the future, this Court found that plaintiff's "abstract statement that he desires to do so at some unspecified point in the future" was insufficient to establish the imminent future injury required for standing. *Id.* at *17. Unlike the plaintiff in *Holt*, who attempted to eat at the defendant's restaurant but found it to be inaccessible, this Plaintiff has not actually attempted to book a room and learned that it was not handicap accessible after booking. Plaintiff has plead no facts to

6

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

establish that he has visited or tried to visit the Defendant's premises for an overnight stay or event, and was unable to. This Plaintiff has not experienced an actionable injury sufficient to satisfy the standing requirements for subject-matter jurisdiction.

"[A] plaintiff's intention to return to [a] defendant's place of public accommodation 'some day…without any description of concrete plans, or indeed even any specification of <u>when</u> the some day will be—do not support a finding of the requisite actual of imminent injury' sufficient to entitle the plaintiff to injunctive relief." *Jefferson*, 249 F. Supp. 3d at 81 (quoting *Anderson v. Macy's Inc.*, 943 F. Supp. 2d 531, 540 (W.D. Pa. 2013)(internal citation omitted)). In *Jefferson v. Stinson Morrison Heckler, LLP*, plaintiff brought a suit against the defendant for violating the ADA when it failed to provide him with a computer or tablet to assist in his deposition in another, unrelated case, where the defendant represented the party deposing the plaintiff. 249 F. Supp. 3d at 78. In support of his action against the defendant, plaintiff argued that he could face future injury at the hands of the defendant should he be required to appear at a deposition at the defendant's office. *Id.* at 81. This Court found that the plaintiff's argument that he had previously been discriminated against at the defendant's office, and could be discriminated against at some point in the future should the defendant seek to take his deposition, was insufficient to establish that the plaintiff was in danger of a real and imminent future injury. *See id.* Plaintiff has no plans to visit the Defendant's premises in the near future, stating that he intends to revisit the Defendant's website "upon Defendant's compliance with the laws and regulations" set forth in his Complaint. *See* ECF-1, ¶ 25. Plaintiff's potential visit, assuming the Defendant is found to be in violation, and required to make corrections, is too remote.

Plaintiff has suffered no injury in-fact and there are no allegations that establish an immediate risk of future harm to the Plaintiff. Thus, Plaintiff's Complaint should be dismissed as he has not established this Court has subject matter jurisdiction over his claims.

> b. <u>Plaintiff Has Failed to Allege Any Facts to Support a Claim Against the Defendant</u>
>
>> i. *Plaintiff's Complaint Fails to State a Claim under 42 U.S.C. 12181 et seq. or 28 C.F.R. § 36.302(e)(1)*

Plaintiff's Complaint alleges that on some unspecified date before filing this lawsuit, he visited the Defendant's site to learn about the features of the Defendant's hotel and to ascertain whether he could reserve an accessible room. ECF-1, ¶ 20. He alleges that "[t]here is no ability to book an accessible room at any point prior to payment…" ECF-1, ¶ 21. Plaintiff further states that he brings this action "to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel." ECF-1, ¶ 23. Plaintiff has plead no facts to establish that he visited any third party platforms used by the Defendant and found them to be in violation of the 28 C.F.R. Part 36.

Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See id.* (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (stating that "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

Plaintiff bases his claim on the 28 C.F.R. § 36.302(e)(1), which states:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

In support of his claim that the Defendant's website violates these requirements, Plaintiff states "[a] page entitled *accommodations* lists available room types, but does not include any description of what accessibility features the rooms have. When *reservations* is selected, dates are entered, and available rooms are populated, never including any accessible room types….There is no ability to book an accessible room at any point prior to payment, and there is no filter on the search page with options for accessible rooms or features." ECF-1, ¶ 21. Absent from Plaintiff's Complaint are any allegations that he was unable to reserve an accessible room. *See* 28 C.F.R. 36.302(e)(1)(iii). Plaintiff's Complaint also fails to include any factual allegation that he was not guaranteed an accessible room was held for his use as required by 28 C.F.R. § 36.302(e)(1)(v). Finally, absent from the Plaintiff's Complaint is any allegation that supports an inference that the hotel does not ensure that accessible rooms are held for disabled individuals as required by 28 C.F.R. § 36.302(e)(1)(iii). Plaintiff lack of factual support is highlighted by his request that the

9

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

Court permit discovery to determine whether the Defendant is able to effectively meet requirements (i), (ii), and (iii) of 28 C.F.R. § 36.302(e)(1). *See* ECF-1, ¶ 24.

Plaintiff's Complaint lacks sufficient supporting facts to raise his purported right to relief above a speculative level. His Complaint is nothing more than "labels and conclusions," not even grounded by a clear statement of when the alleged violation occurred. This Court cannot reasonable infer that any violation or actionable injury has occurred that would be remedied by injunctive relief. Therefore, Plaintiff's Complaint must be dismissed with prejudice.

    ii. *Plaintiff's Complaint Fails to State a Claim under the District of Columbia Human Rights Act*

The District of Columbia Human Rights Act states that "[i]t shall be unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or perceived: race, color, religion, national origin,…disability…to deny directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations…." D.C. Code § 2-1402.31. D.C. Code § 2-1402.02 defines "place of public accommodation" as:

> all places included in the meaning of such terms as inns, taverns, road houses, hotels, motels, whether conducted for the entertainment of transient guests or for the accommodation of those seeking health, recreation or rest; restaurants or eating houses, or any place where food is sold for consumption on the premises; buffets, saloons, barrooms, or any store, park or enclosure where spirituous or malt liquors are sold; ice cream parlors, confectioneries, soda fountains and all stores where ice cream, ice and fruit preparation or their derivatives, or where beverages of any kind are retailed for consumption on the premises; wholesale and retail stores, and establishments dealing with goods or services of any kind, including, but not limited to, the credit facilities thereof; banks, savings and loan associations, establishments of mortgage bankers and brokers, all other financial institutions, and credit information bureaus; insurance companies and establishments of insurance policy brokers; dispensaries, clinics, hospitals, bath-houses, swimming pools, laundries and all other cleaning establishments; barber shops, beauty parlors, theaters, motion picture houses, airdromes, roof gardens, music halls, race courses, skating rinks, amusement and recreation parks, trailer camps, resort camps, fairs,

10

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

bowling alleys, golf courses, gymnasiums, shooting galleries, billiards and pool parlors; garages, all public conveyances operated on land or water or in the air, as well as the stations and terminals thereof; travel or tour advisory services, agencies or bureaus; public halls and public elevators of buildings and structures, occupied by 2 or more tenants, or by the owner and 1 or more tenants….

"[T]he DCHRA applies only to those categories of cases specifically enumerated in the statute." *Samuels v. Rayford*, 1995 U.S. Dist. LEXIS 21798, *13 (D.D.C. 1995). To prevail on a DCHRA claim, the plaintiff "must demonstrate that the discriminatory actions which she complains occurred either 'in employment, 'in places of public accommodation, resort or amusement,'…or 'in housing and commercial space accommodations.'" *Samuels*, 1995 U.S. Dist. LEXIS 21798, *13. A website is not a "place of public accommodation," and "[a]s the D.C. Court of Appeals has made clear, the alleged place of public accommodation must be a physical location." *Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30, 39 (D.D.C. 2019).

In *Freedom Watch, Inc. v. Google, Inc.*, plaintiff brought an action under the DCHRA alleging that the defendants, online social media platforms, were engaged in a conspiracy to stifle conservative content on the internet. *See* 368 F. Supp. 3d at 38. There, this Court found that the defendant's online services were not places of public accommodation under the DCHRA. This Court noted that the DCHRA contained "over 50 specific examples of 'places of public accommodation.' Not one of these examples is an online or virtual platform." *Id.* at 39. Plaintiff argues that the Website is "a gateway to, and a part of, the Hotel…." ECF-1, ¶ 33. But *Freedom Watch* makes it clear that a website is not "a place of public accommodation" under the DCHRA.

Further, as discussed above, the plaintiff must establish that the Defendant engaged in discriminatory actions in its "place of public accommodation." 1995 U.S. Dist. LESXIS 21798 at * 13. Plaintiff has not established that he requested, and was denied, an accessible hotel room on the Defendant's website or on the Defendant's premises because of his disability.

### iii. *Plaintiff's Negligence Per Se Allegations Fail*

Plaintiff's Complaint fails to state a claim of negligence per se, nor can the Defendant's alleged violations be "construed as 'negligence per se.'" To assert a claim of negligence per se, " a claimant must show (1) that there is a 'particular statutory or regulatory standard [which was' enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred,' and (2) 'the plaintiff can establish his relationship to the statute.'" *Lin v. District of Columbia*, 2019 U.S. Dist. LEXIS 64056, *18 (D.D.C 2019)(quoting *Ceco Corp v. Coleman*, 441 A.2d 940, 945 (D.C. 1982)). To satisfy the first requirement, "the statute or regulation relied on must promote public safety." 2019 U.S. Dist. LEXIS 64056, *18. The DCHRA is a statute enacted to prevent discrimination, not to prevent physical harm. *See Hunter v. Dist. of Columbia*, 64 F. Supp. 3d 158, 189 (D.D.C. 2014).

In *Hunter v. District of Columbia*, this Court held that the DCHRA cannot serve as the basis of a negligence per se claim. *Id.* at 189. This Court noted that "multiple courts have found that the ADA is not a public safety statute for purposes of the negligence per se doctrine." *Id.* at 189 (internal citations omitted). "[W]hile protection from injury for the disabled is no doubt a fortunate by-product of the ADA, it is clear that the statute was not designed with that purpose in mind[.]" *Id.* (quoting *White v. NCL Am., Inc.,* 2006 U.S. Dist. LEXIS 24756, *5 (S.D. Fla., Mar. 8, 2006)).

Plaintiff argues that "[t]he failure by the Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as 'negligence per se.'" ECF-1, ¶ 34. As argued by the defendant in *Hunter*, the "gravamen of the Plaintiff['s] claim is discrimination." *Id.* The DCHRA's purpose is to combat discrimination and not prevent physical injuries to the public, and therefore any violation by the Defendant cannot be "construed as

12

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

negligence per se." As the DCHRA is not a public safety statute, the Plaintiff's Complaint alleging negligence per se should be dismissed.

       iv. *Plaintiff's DCHRA claim may be barred by the Statute of Limitations*

Plaintiff's Complaint lacks sufficient information for the Defendant to ascertain whether it is time barred by the applicable statute of limitations. D.C. Code § 2-1403.16 states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder; provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office. A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof, except that the limitation shall be within 2 years of the unlawful discriminatory act, or the discovery thereof, for complaints of unlawful discrimination in real estate transactions brought pursuant to this chapter or the FHA….

Plaintiff's Complaint states that he visited the Defendant's website "prior to filing this Complaint" but does not state the date which he visited the website. This Court, nor this Defendant have any way to know when the Plaintiff accessed the Defendant's Website. He could have accessed it a week before the lawsuit, two months before the lawsuit, or even eight years before this lawsuit. Thus, the Defendant is unable to ascertain whether the Plaintiff is even able to bring a claim alleging a violation of the DCHRA. Plaintiff's DCHRA claim should be dismissed.

As the Plaintiff's Complaint fails to allege any facts which establish: that he was denied an accessible room on the Defendant's premises; that the DCHRA is a public safety statute; or when he visited the Defendant's website, Count II of the Plaintiff's Complaint should be dismissed with prejudice.

IV.     Conclusion

Wherefore, for the foregoing reasons set forth herein and those made in oral argument, Defendant, Henley Park Hotel, Inc., by counsel, respectfully requests that this Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, 12(b)(6), with prejudice.

**HENLEY PARK HOTEL, INC.,**
By Counsel,

_____/s/ John D. McGavin_____
John D. McGavin, DCB 475899
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
jmcgavin@bmhjlaw.com
*Counsel for Henley Park Hotel, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 12th day of November, 2020, I caused a true copy of the foregoing to be served by efiling and first class mail, on:

Erik M. Bashian, EB7326
BASHIAN & PAPANTONIOU, P.C.
500 Old County Road, Ste. 302
Garden City, NY 11530
Telephone: (516) 279-1554
Facsimile: (516) 213-0339
eb@bashpaplaw.com
*Counsel for Plaintiff*

_____/s/ John D. McGavin_____
John D. McGavin