UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BYRON BREEZE, JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **HENLEY PARK HOTEL, INC.**, <br><br> Defendant. | Case No. 1:20-cv-02844 (TNM) |

### MEMORANDUM ORDER

Plaintiff Byron Breeze sues Henley Park Hotel ("the Hotel") for violations of the Americans with Disabilities Act and the D.C. Human Rights Act.  *See* Compl., ECF No. 1. Breeze alleges that he suffered injury when he visited the Hotel's website and discovered that it "does not provide accessibility information" and "does not allow for reservation of accessible guestrooms."  *Id.* ¶ 20.  The Hotel moves to dismiss.  It argues that Breeze lacks standing and that his complaint otherwise fails to state a claim.  *See* Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mot.") at 6–15, ECF No. 9-1.[1]

The Court grants the Hotel's motion.  Breeze has failed to show he has suffered a concrete Article III injury.  *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016) (explaining that not all procedural violations "cause harm or present any material risk of harm"); *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 654 (4th Cir. 2019) ("Inability to obtain information is sufficiently concrete to constitute injury in fact only when the information

---

[1]  All page citations refer to the page numbers that the CM/ECF system generates.

has some relevance to the litigant."). Breeze's complaint suffers from numerous flaws, including that it does not:

- provide Breeze's correct place of residence;
- state when Breeze visited the Hotel's website;
- explain whether Breeze plans to only visit the Hotel's website as opposed to patronizing the Hotel itself; or
- clarify whether Breeze's alleged injury relates to his visit to the Hotel's website or also relates to a future visit to the Hotel's physical location.[2]

While these shortcomings (individually and taken together) warrant dismissal, the Court finds that they do not justify a dismissal with prejudice, as the Hotel requests. *See* Def.'s Mot. at 4; *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("A dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (cleaned up)); *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) (explaining that "the standard for dismissing a complaint with prejudice is high" and that it "is the exception, not the rule, in federal practice" (cleaned up)).

Breeze expresses a desire to file an amended complaint. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8 n.2, ECF No. 12. The Court will give him that opportunity.[3] An amended

---

[2] Breeze submitted a declaration along with his opposition brief that corrects his place of residence and provides a date that he accessed the website. *See* Decl. of Byron Breeze at 2 nn.1–2, ECF No. 12-1. But Breeze cannot amend his complaint through an opposition brief. *See, e.g.*, *Singh v. District of Columbia*, 55 F. Supp. 3d 55, 70 (D.D.C. 2014) ("It is axiomatic that a party may not amend his complaint through an opposition brief." (cleaned up)).

[3] He need not separately file a motion for leave to amend under Federal Rule of Civil Procedure 15.

2

complaint is Breeze's chance to draft a pleading that can withstand dismissal under Federal Rule of Procedure 12(b).  Should Breeze's amended complaint suffer from the same or similar shortcomings, the Court may find that a dismissal with prejudice is appropriate.

For all these reasons, it is hereby

**ORDERED** that Defendant's [9] Motion to Dismiss is GRANTED in part insofar as it seeks dismissal of Plaintiff's [1] Complaint but DENIED in part insofar as it seeks dismissal with prejudice.  It is further

**ORDERED** that Plaintiff's [1] Complaint is DISMISSED without prejudice.  It is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint on or before June 7, 2021; the Defendant shall respond to the amended complaint on or before June 21, 2021.

**SO ORDERED.**

Dated: May 7, 2021                                                                 TREVOR N. McFADDEN, U.S.D.J.